Moss, Judge,
delivered the opinion of the court:
The question for determination in this case is whether or not the Faculty Club of the University of California is a social club within the intent and meaning of section 801 of the revenue act of 1921, 42 Stat. 291, and section 501 of the act of 1924, 43 Stat. 253. The pertinent provision of each of said acts imposes a tax on the amount paid as initiation fees, or dues, “ to any social, athletic, or sporting club or organization.” It is provided in article 4 of Treasury Regulation 43, that “ every club or organization having social, athletic, or sporting features, is presumed to be included within the meaning of the phrase ‘ any social, athletic, or sporting club or organization,’ until the contrary has been proved, and the burden of proof is upon it.” Article 5 of the same regulation provides that “ any organization which *758 maintains quarters, or arranges periodical dinners or meetings, for the purpose of affording its members an opportunity of congregating for social intercourse, is a ‘ social * * * club or organization,’ within the meaning of the act, unless its social features are not a material purpose of the organization, but are subordinate and merely incidental to the active furtherance of a different and predominant purpose, such as, for example, religion, the arts, or business.”
The Faculty Club of the University of California was organized in 1902; it was an outgrowth of a dining association. Its charter provides as follows: “ The name of this organization shall be the Faculty Club of the University of California. Its object shall be to promote mutual acquaintance and fellowship among the officers of instruction of the university.” The building occupied by the club is situated .on land which is a part of the university campus. It was erected from funds provided by its members. There are lounges and reading rooms, dining rooms, a billiard room with two billiard and two pool tables, a kitchen, cigar stand, and office, servants’ quarters, and twenty bedrooms, which are rented and occupied by bachelor members. The dining rooms are used by members and their guests. A lounge is provided for women who are occasional guests; facilities are provided for card games and chess games; periodicals are available, and a tennis court is provided for the exclusive use of members. Tennis and billiard tournaments are held, as well as dances, musicales, and lectures. Special dinners are given for guests who are deemed worthy of being entertained. The club serves as a convenient and comfortable meeting place for members of the faculty and such other members of the club as are eligible under the rules. The active membership consists of members and officers of the board of regents and of the faculty of the university. There are also associate, nonresident, transient, and honorary members. The predominant purpose of this club as described in its constitution is to 'promote mutual acquaintance and fellowship among the officers of instmoction of the wiiversity. This is plainly the expression of a purely social purpose. It should be noted also that article 2 of the constitution provides: “ By unani *759 mous vote the board of directors may elect to associate membership persons who would be of assistance in club entertainments by virtue of their special talents.” While this club undoubtedly serves an important administrative use by members of the faculty and officers of the university, and furnishes a medium for a wide range of academic activities, it is not an essential adjunct to the university. It is shown in the evidence that all the work now performed in the club could be done without such a club. However, a social club of this nature must unquestionably have a very definite value in the promotion of the general welfare of this great university. To hold that “ its social features .are not a material purpose of the organimticm,” or that its purposes and activities are “merely incidental to the active furtherance of a different and predominant purpose,” would be contrary to the declared purposes of its organization and to the usual and customary social activities of the club throughout the twenty-sis years of its existence. The court has reached the conclusion that the Faculty Club of the University of California is a social club within the meaning of the taxing statutes. It is adjudged and ordered that plaintiff’s petition be dismissed.
GkeeN, Judge; Geaham, Judge; and Booth, Chief Justice, concur.